In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00140-CR


______________________________




KEVIN GOODWIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 01-F-466-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Kevin Goodwin appeals his conviction for murder and his sentence of ninety-nine 
years' imprisonment and a $10,000.00 fine. The trial court pronounced sentence May 24,
2002, making Goodwin's notice of appeal due by June 24, 2002, or if Goodwin filed a
timely motion for new trial, by August 22, 2002. See Tex. R. App. P. 26.2(a); see also Tex.
R. App. P. 4.1(a) (if last day of period is Saturday, Sunday, or legal holiday, period
extended to end of next day not Saturday, Sunday, or legal holiday).

 Goodwin filed his notice of appeal August 2, 2002. He did not file a motion for new
trial. Therefore, his notice of appeal is untimely.

 A court of appeals may extend the time for filing the notice of appeal if, within fifteen
days of the time for filing the notice of appeal, a party files (1) a notice of appeal in the trial
court, and (2) a motion to extend time in the court of appeals. On August 6, 2002,
Goodwin filed a motion to extend time to file the notice of appeal. However, neither his
motion to extend nor his notice of appeal was filed within fifteen days of the time for filing
his notice of appeal. Therefore, this Court is without jurisdiction over the appeal. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1) The motion to extend is overruled. 


 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: August 8, 2002

Date Decided: August 9, 2002


Do Not Publish

1. In Olivo, the Texas Court of Criminal Appeals noted the denial of a meaningful
appeal because of ineffective assistance of counsel is a proper ground for habeas corpus
relief. Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code
Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).


Locked="false" Priority="39" Name="toc 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00118-CV

                                                ______________________________

 

 

 

                                                   IN
RE:  MICHAEL KENNEDY

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Michael Kennedy filed a petition for
writ of mandamus with the Twelfth Court of Appeals.  By order of the Texas Supreme Court, that petition
has been transferred to this Court for decision.  

            In his petition, he asks the court
to issue an order directing a trial court clerk and a deputy clerk of the
Twelfth Court of Appeals to file his notices of appeal and to cease denying
and refusing to file petitions and pleadings in a civil lawsuit which was
evidently appealed to that court.  

            As best as we can glean from his
petition, he believes a series of motions were rejected by the Tyler deputy
clerk that he mailed to the court in relation to a specified cause number:  another mandamus that he had filed with that
court (cause number 12-10-00297-CV).  He
has attached copies of documents, some of which bear dates of receipt by the
Twelfth Court of Appeals, to the present petition.  There are three copies of a notice of appeal,
a motion stating that other individuals had admitted a crime of which Kennedy
was accused, a motion to issue a capias to release him because the judge should
not allow him to be incarcerated for sixty-two years, a motion showing he had
requested a competence hearing related to some prior plea, and a motion showing
court that Michael Kennedy anger, mad, hateress [sic] and upset and Counsel . .
. could get injury around Michael Kennedy, and a motion objections for trial
court to provide Michael Kennedy all court reporters records in no.
12-10-00297-CR because he would represent himself at resentence.  Finally, he includes a motion to order a new
trial on his conviction. 

            This Court has, by statute, limited
mandamus jurisdiction.  We have
jurisdiction to issue a writ of mandamus against a judge of a district or
county court in the court of appeals district. 
Tex. Govt Code Ann. §
22.221(b) (Vernon 2004).  As we are
sitting in the place of the Twelfth Court of Appeals, our jurisdiction in this
instance provides us with authority to issue mandamus to a judge of a district
or county court within the territorial bounds of the Twelfth Appellate
District.  

            In this instance, no relief has been
sought against any individual over whom we have general mandamus
authority.  Accordingly, we have no
jurisdiction to provide the relief requested.

            We deny the petition for writ of mandamus.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          November 15, 2010

Date
Decided:             November 16, 2010